# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Bertram Herbert,

      Plaintiff,  Case No. 16-cv-14043

v.          Judith E. Levy
            United States District Judge
Dollar Tree Inc.,

            Mag. Judge Stephanie Dawkins
      Defendant. Davis

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION [3]

This is an employment case in which plaintiff Bertram Herbert brings claims under both Title VII and Michigan's Elliott-Larsen Civil Rights Act, alleging unlawful discrimination, harassment, and retaliation. Defendant Dollar Tree, Inc. argues that the complaint was inappropriately filed with this Court, because the parties agreed to arbitrate claims of this nature. Plaintiff responds by denying that he ever signed or assented, in any way, to the terms of the arbitration agreement. For the reasons set forth below, defendant's motion to dismiss and compel arbitration is granted.

On November 15, 2016, plaintiff filed an action with this Court alleging sex and religious discrimination, as well as harassment and retaliation claims against his employer Dollar Tree, Inc. The following background is drawn from his complaint.

Plaintiff was employed as a stock person at a Dollar Tree store and was sexually harassed by one of his female co-workers. (Dkt. 1 at 2.) She made sexual innuendoes and inappropriately touched plaintiff, such as rubbing on plaintiff and "grind[ing]" on him "in a sexual manner." (*Id.* at 2-3.) Plaintiff "rejected [her] advance[s]," but "she continued to force herself []on him." (*Id.*)

Management was aware of her actions but failed to take any action on their own. (*Id.* at 3.) However, once plaintiff raised the issue with management, the female co-worker who perpetrated the harassment was fired. (Dkt. 1 at 3.) But plaintiff then faced retaliation for reporting the harassment, which included reduced hours, fewer opportunities to work, closer scrutiny, unwarranted discipline, unwarranted scheduling changes, disparagement, and threats. (*Id.* at 3-4.) Plaintiff believes he was "treated differently than other similarly

situated employees because of his sex, his religious convictions, and because he reported sexual harassment." (Dkt. 1 at 4.)

On December 13, 2016, defendant filed a motion to dismiss and compel arbitration. According to defendant, "[a]t the outset of his employment with Dollar Tree, [plaintiff] received and reviewed a copy of a Mutual Agreement to Arbitrate Claims." (Dkt. 3 at 9.) This arbitration agreement requires "employment-related disputes—specifically including, but not limited to, claims for employment discrimination"—to be resolved "through binding arbitration." (*Id.*)

Plaintiff responded on February 3, 2017, arguing that he "never received, nor did he accept defendant's offer to enter into a binding arbitration agreement," and that without mutual agreement as to arbitration, there is no valid agreement between the parties. (Dkt. 6 at 9-11.) Plaintiff states that he told his manager, Ms. Lisa Allen Johns, that he could not access the new-hire paperwork from his home computer, and that she responded by telling him "not to worry about it, and that she would have the Assistant Store Manager Mr. Ronald Morris take care of it." (Dkt. 6-1 at 2.)

Defendant's reply, filed on February 17, 2017, argues, first, that "an arbitrator and not the Court should determine the validity and enforcement of the arbitration agreement." (Dkt. 8 at 2.) Alternatively, defendant argues that if the Court decides to answer the validity question, then it should find that a valid agreement to arbitrate exists. (Dkt. 8 at 2.) In support of its alternative argument, defendant relies on case law recognizing that "electronic signatures are valid evidence of mutual assent to the terms of a contract." (Dkt. 8 at 2.)

Defendant also relies on the affidavit of Vincent Votta, Manager of Recruiting Operations for Dollar Tree. (Dkt. 8-1.) In his affidavit, Votta, who is familiar with the onboarding process for new store associates, attests that "a unique password created for Bertam [*sic*] Herbert was used to digitally sign an Arbitration Agreement." (Dkt. 8-1 at 4.)

The Court held a hearing on April 19, 2017, to determine whether plaintiff in fact signed the arbitration agreement. At the hearing, plaintiff testified on his own behalf, in line with the arguments that were made in his brief. Defendant called Ronald Morris to the stand,

who testified that he did not sign any documents on plaintiff's behalf, as plaintiff alleges Ms. Johns told plaintiff Mr. Morris would do.

When deciding a motion to compel arbitration and stay proceedings in federal court, the Court must determine: (1) whether the parties agreed to arbitrate; (2) the scope of the arbitration agreement; (3) if federal statutory claims are asserted, whether Congress intended those claims to be non-arbitrable; and (4) if some but not all of the claims are subject to arbitration, whether to stay the remainder of the proceedings pending arbitration. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

Because plaintiff argues that he never signed any arbitration agreement, the only thing for this Court to decide is whether the parties in fact agreed to arbitrate. *See Stout*, 228 F.3d at 714; *Sroka Advance Vehicles, Inc. v. Material Handling, Inc.*, No. 1:11-CV-907, 2011 U.S. Dist. LEXIS 80588, at *7-8 (N.D. Ohio July 25, 2011).

As noted above, the Court held a hearing to determine whether plaintiff in fact signed the arbitration agreement. Plaintiff testified on his own behalf, stating that Lisa Allen Johns, the store manager who hired plaintiff, told him that Ronald Morris, the assistant store

5

manager, would fill out the paperwork on plaintiff's behalf and to begin work anyway. Plaintiff started work as directed. Plaintiff's middle name is misspelled throughout the contract, adding credibility to his testimony he did not in fact sign the documents himself. Morris testified that he did not fill out any paperwork and that Johns asked him to do no such thing. Both witnesses were credible.

Thus, either Johns signed the documents in plaintiff's stead, without asking Morris, or plaintiff simply does not remember filling out the paperwork. In either case, plaintiff assented to the terms of the contract under Michigan law, and is thus bound to arbitrate his claims pursuant to the agreement.

Under Michigan law, the creation of a contract requires both offer and acceptance. *Pakideh v. Franklin Commercial Mortg. Grp.*, 213 Mich. App. 636, 640 (1995). "[A]n acceptance sufficient to create a contract arises where the individual to whom an offer is extended manifests an intent to be bound by the offer, and all legal consequences flowing from the offer, through voluntarily undertaking some unequivocal act sufficient for that purpose." *Kloian v. Domino's Pizza, L.L.C.*, 273 Mich. App. 449, 453-54 (2006) (quotations omitted). "The

absence of a signature is not fatal to the formation of a contract because an offeree can assent through conduct, such as continued employment after the effective date of the policy." *Hall v. Pac. Sunwear Stores Corp.*, No. 15-cv-14220, 2016 U.S. Dist. LEXIS 46347, at *13 (E.D. Mich. Apr. 6, 2016) (quoting *Pakideh*, 213 Mich. App. at 640).

Accepting as true that Johns signed the contract for plaintiff, he showed up to work after she told him to do so and that she would sign the paperwork for him. He assented to Johns or Morris signing the contract on his behalf by doing so. It does not matter that he may have been unaware of the contract's contents. "Competent adults are bound by such documents, read or unread." *Hill v. Gateway 2000*, 105 F.3d 1147, 1149 (7th Cir. 1997). And at the very least, there was testimony that the "paperwork" included information that must have been provided by plaintiff, such as the number of deductions he claimed for tax purposes, indicating that plaintiff was aware of the nature of the forms being completed on his behalf. Had plaintiff wished not to be bound by the employment contract requiring him to arbitrate his claims, he ought not to have agreed to begin work with the

7

understanding that Johns, or anyone else, would fill out his paperwork for him.

For the reasons set forth above, defendant's motion to dismiss and compel arbitration (Dkt. 3) is GRANTED.

IT IS SO ORDERED.

Dated: June 8, 2017　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 8, 2017.

　　　　　　　　　　　　　　　　s/Felicia M. Moses
　　　　　　　　　　　　　　　　FELICIA M. MOSES
　　　　　　　　　　　　　　　　Case Manager